**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In re: Suboxone Film Marketing, Sales Practices, and Products Liability Litigation | ) ) ) ) | MDL No. 3092 |

**RESPONSE OF PLAINTIFF STEFANIE ZUBAL TO MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

Plaintiff Stefanie Zubal respectfully submits this response to Plaintiffs Jeremy Schie, David Sorenson, Haleigh Graham, Teresita Badalamenti, Keith King, Santo Pietro, Steve Badalamenti, and Christian Miller's Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407. ("Motion") (D.E. #1). Ms. Zubal is the Plaintiff in *Zubal v. Indivior Inc. et. al.*, Case No: 1:23-cv-02081, filed in the Northern District of Ohio and pending before the Honorable J. Philip Calabrese. Ms. Zubal agrees with Movants that transfer is useful, necessary, and supported by numerous questions of fact and law in actions related to the Suboxone Film Marketing, Sales Practices, and Products Liability Litigation. Ms. Zubal also agrees that the Northern District of Ohio before Judge Calabrese is the best venue for transfer and consolidation.

**I.   Transfer to the Northern District of Ohio is Appropriate.**

The Panel must make two determinations: first, whether transfer is appropriate. If the Panel determines that the cases should be transferred and coordinated, it must then determine the appropriate forum.

Transfer serves several purposes: it eliminates duplicative discovery, avoids conflicting rulings and schedules, reduces litigation cost, and saves the time and effort of parties, counsel, witnesses, and the court. *In re: Plumbing Fixture Cases*, 298 F. Supp 484 (J.P.M.L. 1968). *See also* Manual for Complex Litigation (Fourth), § 20.131, pp. 220–

21. In deciding whether to transfer a case, the "Panel must make an affirmative determination that the transfer 'will be for the convenience of parties and witnesses and will promote the just and efficient conduct' of that action." *In re Libr. Editions of Children's Books,* 299 F. Supp. 1139, 1142–43 (J.P.M.L. 1969). Transfer is appropriate for the reasons stated in the Motion, which Ms. Zubal adopts.

Once the Panel has decided that transfer is appropriate, it must decide on a transferee forum. Factors to determine the most appropriate forum include: (1) the location of parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931–32 (J.P.M.L. 1980); *see also* Manual for Complex Litigation (Fourth), § 20.131, pp. 220–21.

In addition to these factors, the Panel looks favorably on the district where the largest number of cases is pending and where there is a "highly capable jurist with the ability and willingness to manage the proceedings efficiently." *In re Hair Relaxer Mktg., Sales Pracs., & Prod. Liab. Litig.*, 655 F. Supp. 3d 1374, 1377 (U.S. Jud. Pan. Mult. Lit. 2023). These factors and considerations weigh in favor of transfer to the Northern District of Ohio before Judge Calabrese.

### A. The Parties Agree That the Northern District of Ohio Is an Appropriate Transferee District.

Defendants Indivior Inc., Indivior Solutions, Inc., and Aquestive Therapeutics, Inc., agree both that transfer is appropriate and that the Northern District of Ohio, specifically before Judge Calabrese, is the appropriate transferee forum. D.E. #31 Defendants Reckitt Benckiser LLC, and Reckitt Benckiser Healthcare (UK) Ltd. also agree

that, in the event the Panel determines that transfer is appropriate, transfer to the Northern District of Ohio and Judge Calabrese is appropriate. D.E. #33 The Panel has noted that where the parties agree on a forum it "stands out as an appropriate transferee forum." *In re Elec. Data Sys. Corp. Sec. & "ERISA" Litig.*, 254 F. Supp. 2d 1375, 1376 (J.P.M.L. 2003). The parties' agreement here weighs heavily in favor of the Northern District of Ohio before Judge Calabrese.

### B. The Centralized Location of the Northern District of Ohio Weighs in Favor of Transfer to that District.

Centralization in the Northern District of Ohio provides a geographically convenient forum for what is likely to be nationwide litigation. *In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357, 1361 (U.S. Jud. Pan. Mult. Lit. 2017). The Defendants are located from the Midwest to the United Kingdom. The Northern District of Ohio is central to the headquarters of the United States-based Defendants – New Jersey, Indiana, and Virginia – and therefore convenient to them. The Panel has transferred cases to the Northern District of Ohio as a geographically central location where defendants were headquartered in New York, Connecticut, New Jersey, and Pennsylvania. *In re Nat'l Prescription Opiate Litig.,* 290 F. Supp. 3d 1375, 1379 (U.S. Jud. Pan. Mult. Lit. 2017). Ohio is even more central to the various defendants in this case and is an appropriate transferee forum.

### C. The Northern District of Ohio is Accessible to Parties and Witnesses.

The Northern District of Ohio is accessible and convenient to all parties and witnesses, who can easily reach the Northern District either because they are local, within reasonable driving distance, or can easily fly into Cleveland's international airport. In fact, visitors to the airport may arrive directly at the courthouse by rail to the Tower City Center

and then by an interior connection between the Center and the courthouse. Cleveland also features ample hotel and office space. In short, the Northern District is accessible and affordable for parties, witnesses, and counsel.

**D. The Northern District of Ohio Can Efficiently Adjudicate This MDL.**

The Northern District of Ohio maintains a reasonable case load, with approximately 5,650 pending civil cases among 18 sitting judges, including 7 on senior status, as of December 31, 2022.[1] There are currently two MDLs pending in the Northern District of Ohio: *In re: National Prescription Opiate Litigation*, MDL 2804, and *In re: DePuy Orthopedics, Inc., ASR Hip Implant Products Liability Litigation*, MDL 2197.[2] The burdens of an MDL would not unreasonably tax the resources of the Northern District of Ohio.

Consolidation of these actions to the United States District Court for the Northern District of Ohio will serve the interests of all parties and accomplish the objectives of transfer by providing for the convenience of parties and witnesses and promoting the just and efficient conduct of the actions. *In re Libr. Editions of Children's Books*, 299 F. Supp. 1139, 1142–43 (J.P.M.L. 1969); 28 U.S.C. § 1407(a).

---

[1] Table C-1 U.S. District Courts Civil Cases Commenced, Terminated, and Pending by Jurisdiction During the 12-Month Period Ending Dec. 31, 2022 (available at: https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.uscourts.gov%2Fsites%2Fdefault%2Ffiles%2Fdata_tables%2Fstfj_c1_1231.2022.xlsx&wdOrigin=BROWSELINK) (last accessed Dec. 6, 2023).

[2] List of Pending MDL Dockets by District, published by the JPML, for September 2023 (available at: https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-September-15-2023.pdf) (last accessed Dec. 6, 2023).

## II. Judge Calabrese is a Highly Capable Jurist Well Suited to Managing the Proceedings Efficiently.

Judge Calabrese is a "highly capable jurist with the ability and willingness to manage the proceedings efficiently." *In re Hair Relaxer Mktg., Sales Pracs., & Prod. Liab. Litig.*, 655 F. Supp. 3d 1374, 1377 (U.S. Jud. Pan. Mult. Lit. 2023). As a practitioner, Judge Calabrese served as a clerk to the Honorable Alice Batchelder of the United States Court of Appeals for the Sixth Circuit before moving on to focus on complex civil litigation, including multi-district litigation.[3] He tried approximately 12 cases as a litigator before appointment to the Cuyahoga County Court of Common Pleas.[4] He is currently teaching a course at Case Western Reserve University School of Law entitled "Expert Witnesses and Scientific Evidence," two topics in which expertise will be necessary in this case.[5]

For these reasons, Plaintiff Stefanie Zubal respectfully requests that the Panel transfer all related or tag-along actions to the United States District Court for the Northern District of Ohio, for coordinated or consolidated pretrial proceedings before the Honorable J. Philip Calabrese.

---

[3] Judge J. Philip Calabrese – Nominee to the U.S. District Court for the Northern District of Ohio | The Vetting Room (last accessed Dec. 6, 2023).
[4] *Id.*
[5] Course Info - Expert Witnesses and Scientific Evidence (LAWS 5729) - Research Guides at Case Western Reserve University Law Library (cwru.edu) (last accessed Dec. 6, 2023).

Dated: December 6, 2023

Respectfully submitted,

*By: /s/ Alyson S. Beridon*
Alyson S. Beridon, (#87496)
**Herzfeld, Suetholz, Gastel, Leniski
 & Wall, PLLC**
600 Vine St., Suite 2720
Cincinnati, OH 45202
Ph: (513) 381-2224
Fax: (615) 994-8625
alyson@hsglawgroup.com
*Counsel for Plaintiff Stefanie Zubal*