BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SUBOXONE (BUPRENORPHINE/NALOXONE) FILM MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 3092 |

**RESPONSE OF PLAINTIFF RONALD ANDERSON IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

## INTRODUCTION

Plaintiff Ronald Anderson ("Plaintiff Anderson") respectfully submits this Response in support of Plaintiffs Jeremy Schie, David Sorensen, Haleigh Graham, Teresita Badalamenti, Keith King, Santo Pietro, Steve Badalamenti, and Christian Miller's (*Schie* Plaintiffs) Motion for Transfer and Coordination under 28 U.S.C. § 1407. Plaintiff Anderson agrees that transfer is useful, necessary, and supported by numerous common questions of fact in the Suboxone Film related actions ("Suboxone Film Cases"). Plaintiff Anderson also supports the *Schie* Plaintiffs' recommendation to send the Suboxone Film Cases to the Northern District of Ohio.

## BACKGROUND

Plaintiff Anderson filed the action *Ronald Anderson v. Indivior, Inc., et. al.*, Civil Action No. 1:23-cv-15323 in the Northern District of Illinois on October 25, 2023. Plaintiff seeks recovery for personal injuries caused by his prescribed use of Defendants' drug Suboxone. Plaintiff's causes of action include strict products liability, negligent failure to provide adequate warnings and instructions, defective design, and negligent design defect.

There are approximately sixteen (16) Suboxone Film Cases pending across the country as of the filing of this Response. These actions involve common questions of fact and should therefore

be transferred to one district for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re: Wright Medical Technology, Inc., Conserve Hip Implant Prod. Liab. Litig.*, 844 F.Supp.2d 1371, 1372 (J.P.M.L. 2012) (finding centralization necessary where the actions involved common questions of fact, centralization served the convenience of the parties and witnesses, and centralization promoted the just and efficient conduct of the litigation). Coordinated and consolidated pretrial proceedings will provide convenience for the parties and witnesses and will promote the just and efficient conduct of the Suboxone Film Cases.

## ARGUMENT

**I. TRANSFER, COORDINATION, AND CONSOLIDATION OF ALL ACTIONS IS APPROPRIATE UNDER 28 U.S.C. § 1407.**

Plaintiff Anderson agrees with the *Schie* Plaintiffs that transfer, coordination, and consolidation of the Suboxone Film Cases is appropriate as many common questions of fact and law exist. The actions involve much of the same core discovery, fact witnesses, and general liability and causation experts. Every action brings products liability claims and alleges Defendants' negligence and failure to warn patients and consumers with respect to the sale of their prescription drug Suboxone. The Suboxone Film Cases will involve common questions of fact and law, including similar factual allegations, the same injury (purchase and use of a defective drug), the same factual allegations regarding general causation, and similar theories of liability surrounding Defendants' placing a defective product in the market, negligence, and the adequacy of Defendants' warnings.

Plaintiff Anderson agrees that transfer for pretrial purposes serves "the convenience of the parties and witnesses" and "promote[s] the just and efficient conduct of the actions" as required by 28 U.S.C. § 1407. The number of common issues of fact and the number of current and anticipated claims make the Suboxone Film Cases well suited for transfer and pretrial

consolidation. Consolidation will foster the just and efficient conduct of these actions by preventing duplicative discovery and preventing inconsistent resolution of pretrial issues.

Plaintiff Anderson anticipates more Suboxone Film case filings in federal courts across the United States. Future plaintiffs will most likely file their cases in their home states where they used Defendants' defective drug. That said, given this litigation in indirectly linked to the Opioid crisis, a disproportionate number of cases will exist where dispensing rates were at their highest—primarily in rust belt and portions of the South. *See generally* https://www.cdc.gov/drugoverdose/rxrate-maps/index.html (last visited December 6, 2023). Because Opioid use was disproportionately prescribed, Ohio was effectively ground zero for the crisis—meaning a substantial number of future plaintiffs will likely reside in that state. In any event, coordination of the Suboxone Film Cases will provide for just and efficient adjudication. Without centralization of pretrial proceedings, duplication of discovery, witnesses, and decisions on liability will occur. Centralization allows the parties to take expert depositions once, allows Defendants to produce documents once, and minimizes travel for all parties involved, including Defendants, as they will only have to appear in one district court.

The Panel recognizes that centralizing product liability litigations in one court benefits both plaintiffs and defendants. Specifically, centralization strikes a balance between allowing the defendant to conduct discovery only once and entitling the plaintiffs to coordinate their efforts and share their work with other plaintiffs' counsel. *See In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739 (M.D.L. 1984). "And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned." *Id.* at 741 (citing *In re Nissan Motor Corporation Antitrust Litig.*,

3

385 F. Supp. 1253, 1255 (M.D.L. 1974)). A centralized litigation promotes the conservation of judicial resources, as well as the parties' resources, because it minimizes or eliminates duplication of pretrial discovery. Centralization of these actions will save both sides and the court countless resources by streamlining the litigation in one forum.

Centralization removes the risk of inconsistent adjudications and conflicting decisions. If separate courts concurrently review separate motions related to the same procedural or substantive issues in this litigation, then a serious risk of inconsistent rulings presents itself. The Panel routinely centralizes cases to avoid conflicting decisions and inconsistent rulings. *See In re Brown Co. Sec. Litig.*, 325 F. Supp. 307, 308 (J.P.M.L. 1971) (noting that transfers are practically compelled so as to avoid overlapping or inconsistent class action rulings); *In re Career Acad. Antitrust Litig.*, 57 F.R.D. 569, 571 (E.D. Wis. 1972) (noting that one purpose of consolidation "is to avoid inconsistent adjudications"); *In re Pharmacy Benefit Managers Antitrust Litig.*, 425 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) (noting that centralization is desirable to avoid duplicative discovery and to prevent inconsistent or repetitive pretrial rulings). The Panel should centralize the Suboxone Film Cases to avoid inconsistent adjudications where these cases present the same factual and legal questions.

Transfer, coordination, and consolidation of the Suboxone Film Cases to one district court is appropriate under 28 U.S.C. § 1407. Transfer will ensure the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions.

## II. THE PANEL SHOULD TRANSFER THE SUBOXONE FILM CASES TO THE NORTHERN DISTRICT OF OHIO.

The Northern District of Ohio is an appropriate forum to oversee the Suboxone litigation given the impact the Opioid epidemic posed to Ohio. While the Opioid crisis enveloped the entire Nation, it hit the rust belt in general, and Ohio in particular, hard. Specifically, Ohio was

disproportionately impacted by Opioids given the massive distribution of Opioids in the State. As a result, Ohioans will likely represent a disproportionate share of claimants (based on population size) impacted by Opioid distribution, who turned to Suboxone to break their addiction. *See* https://my.americorps.gov/mp/listing/viewListing.do?id=86544&fromSearch=true (lasted visited December 6, 2023) (describing Ohio as "'ground zero' for the opioid epidemic").[1] Not surprisingly, the Northern District of Ohio currently possesses the largest number of pending cases. As a result, transferring the case to Ohio will afford both the transferee Court and parties, access to an ample Bellwether Pool to select potential Bellwether Plaintiffs in the event one side opts not to waive *Lexecon*. *See generally Lexecon, Inc., v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). In short, Ohio's connection to the Opioid crisis will facilitate the efficient administration of this case.

Beyond that, where there is no obvious District that mandates centralization, the Panel often steers litigation to an experienced judge:

> Given the geographic dispersal of current and anticipated constituent actions, no district stands out as the focal point for this wide-ranging litigation. In concluding that the Eastern District of New York is an appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

*In re Zyprexa Prod. Liab. Litig.*, 314 F.Supp.2d 1380, 1382 (J.P.M.L. 2004) (transferring actions to district with only two pending cases and where no defendant domiciled).[2] Here, the Honorable J. Philip Calabrese fits the bill.

---

[1] *See also* https://www.cnbc.com/2019/07/10/how-ohio-is-coping-with-high-opioid-overdose-rate-slamming-its-economy.html (last visited December 6, 2023) (noting, "Montgomery County, in Southwest Ohio, is ground zero for the opioid crisis.").

[2] The Panel is familiar with the categories it uses to evaluate an appropriate District, which include: (1) where the largest number of cases is pending, (2) where discovery has occurred, (3) where cases have progressed furthest, (4) the site of the occurrence of the common facts, (5) where the

Judge Calabrese currently oversees Suboxone Film Cases filed in the Northern District of Ohio. Although relatively new to the federal bench as of December 5, 2020, Judge Calabrese had substantial experience in mass tort matters. Prior to joining the bench, his practice focused on "complex litigation, including defending businesses named as defendants in class actions, product liability cases, toxic tort litigation, defense of securities fraud and antitrust cases, contract disputes and trade secret disputes."[3] Judge Calabrese's experience in similar matters while in private practice makes him a suitable Judge to oversee the Suboxone Film Cases.

Additionally, the Northern District of Ohio is suitable for transfer given its current docket. Specifically, only two MDLs are currently pending in the District: *In re DePuy Orthopaedics, Inc., ASR Hip Implant Prod. Liab. Litig.*, MDL No. 2197 and *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804.[4] As such, the District possesses capacity for an additional MDL. Additionally, the Northern District will minimize costs and inconvenience for the parties given the Cleveland area is generally well-served by its airport and hotel accommodations near the federal courthouse. Accordingly, Plaintiff Anderson joins in the *Schie* Plaintiffs' recommendation that the Suboxone cases be transferred to the Northern District of Ohio.

---

cost and inconvenience will be minimized, and (6) the experience, skill, and caseloads of available judges. Ann. Manual Complex Lit. § 20.131 (4th ed.); *see In re Fosamax Prod. Liab. Litig.*, 444 F.Supp.2d 1347, 1350 (J.P.M.L. 2006) (centralizing "permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course"); *In re Eastern Airline's Inc. Flight Attendant Weight Program Litig.*, 391 F.Supp. 763, 764–65 (J.P.M.L. 1975) (weighing the size of each potential transferee court's civil action docket).

[3] Porter Wright Morris & Arthur LLP, *Calabrese appointed to Cuyahoga County Common Pleas Court*, https://www.porterwright.com/media/calabrese-appointed-to-cuyahoga-county-common-pleas-court/ (last visited December 6, 2023).

[4] *See MDL Statistics Report*, United States Judicial Panel on Multidistrict Litigation (Nov. 16, 2023) https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-November-16-2023.pdf.

## CONCLUSION

WHEREFORE, Plaintiff Anderson respectfully requests, pursuant to 28 U.S.C. § 1407, that the Panel enter an Order transferring the pending actions, as well as any Suboxone Film related actions that might later be filed, to the Northern District of Ohio.

Dated: December 6, 2023    Respectfully submitted,

*/s/ Timothy J. Becker*
Timothy J. Becker (MN Bar No. 0256663)
Stacy K. Hauer (MN Bar No. 0317093)
**JOHNSON BECKER PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1804 (phone)
(612) 436-4801 (fax)
tbecker@johnsonbecker.com
shauer@johnsonbecker.com

*Attorneys for Plaintiff Anderson*