UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SUBOXONE (BUPRENORPHINE/NALOXONE)
FILM MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION                                  MDL No. 3092


TRANSFER ORDER


**Before the Panel**: Plaintiffs in eight actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Ohio. This litigation consists of fifteen actions pending in five districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of eleven related actions in nine districts.[1]

Plaintiffs in two actions and the responding Indivior defendants[2] support the motion. Movants state that plaintiffs in all constituent actions support the motion. The Reckitt defendants[3] respond that centralization in the Northern District of Ohio is appropriate, but that centralization before rulings on their objections to personal jurisdiction "could result in these defendants being unnecessarily named in similar lawsuits filed in the future." The Indivior defendants request, and movants do not oppose, renaming the litigation to reflect that the MDL encompasses only product liability claims.

After considering the argument of counsel, we find that these actions involve common questions of fact, and that centralization in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share complex factual questions arising from the alleged propensity of Suboxone film, which is used for the treatment of opiate addiction, to cause dental erosion and decay. Plaintiffs in all actions allege that defendants designed Suboxone film to be acidic, which they claim leads to dental erosion and decay when the film is dissolved in the mouth (Suboxone previously was available only as an ingestible tablet). Plaintiffs allege that defendants knew, but failed to warn, that Suboxone film causes damage to teeth. The same factual questions regarding general

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Indivior, Inc.; Indivior Solutions, Inc.; and Aquestive Therapeutics, Inc. While these defendants agree with the relief sought, they dispute certain of plaintiffs' allegations. This is not relevant to our determination.

[3] Reckitt Benckiser LLC; and Reckitt Benckiser Healthcare (UK) Ltd.

- 2 -

causation, including the mechanism of the alleged injury, are present in all cases. Similarly common are questions surrounding the adequacy of the testing defendants conducted regarding Suboxone film and the sufficiency of warnings regarding dental problems. Centralization offers an opportunity to substantially streamline pretrial proceedings, reduce duplicative discovery and conflicting pretrial obligations, as well as prevent inconsistent rulings on evidentiary challenges and other pretrial motions.

The Reckitt defendants' objection is not well taken. Centralization allows for streamlined discovery, briefing, and rulings regarding personal jurisdiction of the Reckitt defendants before a single judge. *Cf., e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) (finding that jurisdictional motions "can be presented to and decided by the transferee judge").

Because the litigation does not currently encompass marketing or sales practices claims, and no party objects, we are persuaded that the litigation should be renamed to "In re: Suboxone (Buprenorphine/Naloxone) Film Products Liability Litigation."

We find that the Northern District of Ohio is the most appropriate transferee district for this litigation. Thirteen actions are pending in this district, which is centrally located, accessible, and agreeable to all responding parties. Centralization before the Honorable J. Philip Calabrese allows us to assign this litigation to a jurist who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable J. Philip Calabrese for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the caption of this litigation is changed from "In re: Suboxone (Buprenorphine/Naloxone) Film Marketing, Sales Practices, and Products Liability Litigation" to "In re: Suboxone (Buprenorphine/Naloxone) Film Products Liability Litigation."

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: SUBOXONE (BUPRENORPHINE/NALOXONE)
FILM MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**  MDL No. 3092

## SCHEDULE A

<u>Middle District of Georgia</u>

JACKSON v. INDIVIOR, INC., ET AL., C.A. No. 5:23−00425

<u>Northern District of Illinois</u>

LONASK v. INDIVIOR, INC., ET AL., C.A. No. 1:23−15300
ANDERSON v. INDIVIOR, INC., ET AL., C.A. No. 1:23−15323

<u>Southern District of Illinois</u>

JOHNSON v. INDIVIOR, INC., ET AL., C.A. No. 3:23−03483

<u>District of North Dakota</u>

TROTTIER v. INDIVIOR, INC., ET AL., C.A. No. 3:23−00220

<u>Northern District of Ohio</u>

SORENSEN v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01855
GRAHAM v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01865
BADALAMENTI v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01876
KING v. INDIVIOR, INC., ET AL., C.A. No. 1:23−01924
PIETRO v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02021
BADALAMENTI v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02022
SCHIE v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02024
MILLER v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02026
ZUBAL v. INDIVIOR, INC., ET AL., C.A. No. 1:23−02081
BENNETT v. INDIVIOR, INC., ET AL., C.A. No. 3:23−02148